UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,   )<br>    Plaintiff,                              )<br>                                               )<br>v.                                          )<br>                                             )<br>DUSTIN K. HOWARD, RUBIANO'S, INC.)<br>d/b/a DANZERS SHOW CLUB,       )<br>SHARON J. RUBIANO, and          )<br>ABRAM N. STINE,                       )<br>    Defendants.                        )   | CAUSE NO.: 4:11-CV-54-WCL-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff Evanston Insurance Company's Motion to Strike Defendants' Request for a Jury Trial [DE 27], filed by Plaintiff on December 20, 2011. Defendants have failed to file a response brief and the time to do so has passed.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 22, 2011, Plaintiff filed a Complaint against Defendants seeking declaratory judgment determining the rights of Plaintiff as to liability coverage under an insurance policy issued by Plaintiff with regard to Defendants' claims arising out of an alleged assault and battery. On November 28, 2011, Defendants Rubiano's Inc. d/b/a Danzer's Show Club, Sharon J. Rubiano, and Abram N. Stine filed an Answer, and on November 30, 2011, Defendant Dustin K. Howard filed his Answer. Both Answers requested a trial by jury in the instant matter.

On December 20, 2011, Plaintiff filed the instant Motion to Strike seeking to strike all Defendants' jury demands, arguing that the issues in this lawsuit are equitable disputes to which no right to a jury trial attaches.

## ANALYSIS

Federal Rule of Civil Procedure 39(a)(2) addresses the demand for a jury trial and provides that:

> (a) **When a Demand Is Made.** When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a)(2).  The Seventh Amendment provides a right to a jury trial "in suits at common law," thereby "mandat[ing] jury trials for legal actions but not for equitable actions." *also Lebow v. American Trans Air*, 86 F.3d 661, 667-668 (7th Cir. 1996) (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990).  "To determine whether a particular action will resolve legal rights, and therefore give rise to a jury trial right, we examine both the nature of the issues involved and the remedy sought," looking to see whether the action sounds in law or equity and whether the remedy sought "is legal or equitable in nature."  *Wooddell v. International Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 97 (U.S. 1991) (citations omitted).

A claim for declaratory judgment does not, on its own, create a jury trial right. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002).  "If the declaratory judgment action does not fit into one of the existing equitable patterns . . . then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right."  *Id*.  (quoting *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979)) (quotation marks omitted).

In this case, the only relief sought is a determination of rights.  Neither party has demanded monetary damages.  Plaintiff argues that it would not be entitled to recover any monetary value in

this case, so no jury trial is available, and Defendants chose not to file any response disagreeing with this characterization. The Court concludes that the remedy sought is equitable, and the action does not give rise to a jury trial right.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiff Evanston Insurance Company's Motion to Strike Defendants' Request for a Jury Trial [DE 27] and hereby **STRIKES** the jury demands in this case.

SO ORDERED this 9th day of April, 2012.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record